UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| DEMARCO W. TAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-35 |
| v. | ) | |
| | ) | Honorable Paul L. Maloney |
| PARAMOUNT COFFEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
|_____ | ) | |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by DeMarco W. Taft. Plaintiff filed his complaint on January 17, 2019, and he has been granted leave to proceed *in forma pauperis*. Plaintiff named Paramount Coffee Company as the defendant, and he seeks an award of damages under the FDA Food Safety Modernization Act, 21 U.S.C. § 399d. Upon review, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.' " *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064. " 'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to

consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"Congress has articulated two circumstances under which a federal court may exercise jurisdiction over a claim: (1) in civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, called diversity jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treaties of the United States,' referred to as federal question jurisdiction." *Funderwhite v. Local 55, United Ass'n*, 702 F. App'x 308, 311 (6th Cir. 2017) (quoting 28 U.S.C. § 1331).

Plaintiff invokes the FDA Food Safety Modernization Act as the basis for the Court's jurisdiction. Exhibit A attached to his complaint is a Notice that the complaint he filed with the United States Department of Labor under the same statute in January 2019 has been assigned to an administrative law judge. (ECF No. 1-2, PageID.8-9). The Notice is considered part of plaintiff's complaint under FED. R. CIV. P. 10(c), and it establishes that plaintiff's Department of Labor complaint has been pending for approximately one month.

The FDA Food Safety Modernization Act provides for judicial review under a narrowly defined set of circumstances: "If the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States[.]"

21 U.S.C. § 399d(4)(A). Plaintiff's complaint is premature, and it should be dismissed for lack of subject matter jurisdiction.

## Recommended Disposition

Accordingly, I recommend the plaintiff's complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction.

Dated:   February 7, 2019            /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).